UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES THOMAS, on behalf of himself and all others similarly situated,

            Plaintiff,

          -against-

ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision; and ANDREW CUOMO, Governor, New York State,

            Defendants.

20-CV-3072 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff James Thomas, currently incarcerated in Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants have failed to implement necessary safety procedures to protect staff and prisoners from contracting COVID-19. Named as Defendants are Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS); and Governor Andrew Cuomo. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.[1]

## DISCUSSION

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Plaintiff purports to bring this action on behalf of all persons "who are incarcerated in DOCCS custody, under supervision by DOCCS on parole, post-release supervision, or any other community supervision." (ECF No. 2 at 2.) Because a nonlawyer cannot bring suit on behalf of others, a *pro se* plaintiff cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976).

    occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

    For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[2]

    Plaintiff filed this complaint regarding events occurring at Auburn Correctional Facility, located in Auburn, New York. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

    Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

---

[2] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events are occurring in Auburn Correctional Facility, where Plaintiff is incarcerated. Auburn Correctional Facility is located in Cayuga County, which falls within the Northern District of New York. See 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes

that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 20, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge